IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODOLFO SALINAS (#1436544) | § § § | |
| V. | § § § | A-14-CA-1073-LY |
| GREG HAMILTON | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Plaintiff's amended complaint and memorandum in support. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex ("TCCC"). According to Plaintiff, he sent a request to the medical department at the TCCC for prescription eyeglasses. The request explains Plaintiff has difficulty seeing things in the distance, and his eyes hurt when he watches television. Plaintiff alleges he was told his family would have to deposit $300 into his inmate account for him to be taken to Texas State Optical for an eye exam and glasses. The grievance attached to Plaintiff's original complaint also explains Plaintiff's family is welcome to deliver any prescription glasses Plaintiff has at home for his use while he is in the TCCC. Plaintiff sues Sheriff Greg Hamilton because he essentially fails to provide free eye exams and glasses. Plaintiff seeks $5,000 in

compensatory damages, $5,000 in punitive damages, unspecified injunctive relief and a declaratory judgment.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Medical Care

The federal constitutional rights of a pretrial detainee or a convicted prisoner are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur Cnty, Tex., 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n. 12 (5th Cir. 2006). Plaintiff's allegations are insufficient to show Plaintiff's vision condition presents a serious medical need for constitutional

compensatory damages, $5,000 in punitive damages, unspecified injunctive relief and a declaratory judgment.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Medical Care

The federal constitutional rights of a pretrial detainee or a convicted prisoner are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur Cnty, Tex., 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n. 12 (5th Cir. 2006). Plaintiff's allegations are insufficient to show Plaintiff's vision condition presents a serious medical need for constitutional

purposes. Plaintiff describes his condition as nothing more than common near-sightedness. The minor difficulties described by Plaintiff with seeing in the distance and watching television do not rise to the level of serious medical need for constitutional purposes.[1] Even much more serious vision problems than those described by Plaintiff, such as eye cataracts not requiring surgery, have been held not to constitute serious medical need for purposes of constitutional analysis. Samonte v. Bauman, 264 Fed. Appx. 634, 2008 WL 176462, at *1 (9th Cir. 2008); Dunville v. Morton, 234 F.3d 1272, 2000 WL 1206653, at *1 (7th Cir. 2000); Hurt v. Mahon, No. 1:09CV958, 2009 WL 2877001, at *2 (E.D. Va. Aug. 31, 2009). As such, Plaintiff has not stated a cognizable Section 1983 claim that Defendant Sheriff Greg Hamilton was deliberately indifferent to his serious medical needs rising to the level of a violation of his constitutional rights.

## RECOMMENDATION

It is recommended that Plaintiff's complaint be dismissed for failure to state a claim. It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim

---

[1] See Bellah v. McGinnis, 42 F.3d 1388, 1994 WL 664926, at *1 (6th Cir.1994) (moderate nearsightedness does not constitute a serious medical need); Hammond v. Briley, No. 02 C 6990, 2003 WL 1845414, at *3 (N.D. Ill. Apr.7, 2003) ("it is questionable whether the plaintiff's need for stronger eyeglasses amounted to a 'serious' medical need."); Swaissi v. Cotten, 2002 WL 492905, at *2 (N.D. Tex. Mar. 28, 2002) (difficulty in reading and need for corrective eyeglasses not a serious medical need); Davidson v. Scully, 155 F. Supp.2d 77, 88–89 (S.D.N.Y. 2001) (eye infection, eye irritation, tearing, headaches and blurry vision are not serious medical needs); Hayes v. N.Y.S. D.O.C. Officers, No. 97 CIV. 7383 MBM, 1998 WL 901730, at * 8 (S.D.N.Y. Dec.28, 1998) (complaints of eye pain, tearing and impaired vision one week following eye injury failed to state serious medical need); but see, Koehl v. Dalsheim, 85 F.3d 86, 87 (2d Cir.1996) (plaintiff who required eyeglasses to correct severe double vision and loss of depth perception; who walked into walls and objects, causing him to fall and suffer additional injuries; and who suffered serious, permanent eye damage as a result of deprivation of glasses had serious medical need). The Court recognizes unpublished decisions are not precedent. However, the Court finds these unpublished decisions instructive.

on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of December, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE